FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

UNITED STATES DISTRICT COURT ★ JUN 10 2011 ★
EASTERN DISTRICT OF NEW YORK
------------------------------------------------ x
BROOKLYN OFFICE                                          **ORIGINAL**

LAMONT TROMP,

Plaintiff,

**CV 11 2794**

-against-

THE CITY OF NEW YORK, POLICE OFFICER
JOSHUA KONEN, tax # 936882, JOHN DOE,                Jury Trial Demanded

Defendants.                                          WEINSTEIN J

------------------------------------------------------------------- x

<u>PRELIMINARY STATEMENT</u>                          MANN, M.J.

1.    Plaintiff brings this civil rights action against the City of New York and

two New York City Police Officers alleging that, on June 17, 2010, defendants violated his rights

under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by falsely

arresting him for trespass, using excessive force on him and illegally strip searching him. The

false charge was dismissed when the District Attorney's Office declined prosecution. Plaintiff

seeks compensatory and punitive damages, attorney's fees and costs and such other and further

relief as the court deems just and proper.

<u>JURISDICTION & VENUE</u>

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth

Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331 and 1343.

3.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.

§ 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims

occurred in this District and because some or all of the defendants reside in this District.

## PARTIES

4     Plaintiff is a 37 year-old male who resides with his mother in Brooklyn.

5.     The City of New York is a municipal corporation organized under the laws of the State of New York.

6.     Police Officer Konen and John Doe are members of the New York City Police Department ("NYPD") who were employed in Police Service Area 1 on June 17, 2010. Defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7.     On June 17, 2010, at approximately 9:00 p.m., plaintiff was about to enter the lobby of his home, located at 2220 West 11th Street, apartment # 4F, in the Coney Island section of Brooklyn.

8.     The aforesaid residence is public housing and plaintiff lives there with his mother.

9.     At all relevant times, plaintiff was obeying the law and had not committed a crime or violation.

10.     Defendants pulled up in an unmarked car, entered the lobby and arrested plaintiff for trespass without first checking to see if plaintiff lived in apartment # 4F.

11.     The defendants handcuffed plaintiff excessively tight causing pain, bruising and swelling that lasted for days.

12.     The defendants denied plaintiff's request to loosen the cuffs.

2

13.    Defendants took plaintiff to Police Service Area 1 for arrest processing.

14.    In the Precinct, one of the defendants, with the approval of the other defendant, illegally strip searched plaintiff.

15.    The defendant ordered plaintiff to pull down his pants and underwear, squat, bend over, spread his buttocks and cough.

16.    While plaintiff was held in a cell in the precinct, defendant Konen, with the approval of the other defendant, misrepresented in police reports that plaintiff was found trespassing.

17.    Later, plaintiff was taken to Brooklyn Central Booking.

18.    Plaintiff was held in cells in Brooklyn Central Booking which were severely overcrowded, filthy and infested with pests. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and the other detainees to sleep on.

19.    While plaintiff was in Central Booking, defendant Konen, with the approval of the other defendant, misrepresented to the Kings County District Attorney's Office that plaintiff was found trespassing.

20.    The District Attorney's Office declined prosecution and plaintiff was released on either June 18 or 19, at approximately 12:00 p.m.

21.    Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for a significant period of time and suffered emotional distress, fear, anxiety, humiliation, pain, bruising and swelling.

3

## FIRST CLAIM

### (FALSE ARREST)

22.    Plaintiff repeats the foregoing allegations.

23.    At all relevant times, plaintiff had not committed a crime or violation, he was not wanted for a crime or violation and he had not acted in a suspicious manner.

24.    Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

25.    Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

26.    Plaintiff repeats the foregoing allegations.

27.    Defendants' use of force upon plaintiff or their failure to intervene to prevent the use of force on him, as described herein, was objectively unreasonable and caused plaintiff pain and injury.

28.    Accordingly, defendants are liable to plaintiff under the Fourth Amendment for unreasonable force.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH)

29.    Plaintiff repeats the foregoing allegations.

30.    Defendants' strip search of plaintiff or their failure to intervene to stop the search was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

4

31.     Accordingly, defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

## FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

32.     Plaintiff repeats the foregoing allegations.

33.     The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

34.     The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

35.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

36.     Several members of the NYPD have been arrested and convicted of crimes for making false allegations against arrestees and for engaging in corruption.

37.     Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

38.     In 2011, former NYPD Officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

39.     In *Colon v. City of New York*, Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and

state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting

police officers of the New York City Police Department."

      40.     Defendant Konen is being sued for civil rights violations in Brown *v. City*

*of New York*, 10 CV 5453 (E.D.N.Y.), which is pending, and was sued for civil rights violations

in *Barthol v. City of New York*, 09 CV 5220 (E.D.N.Y.), which the City settled.

      41.     Despite the above, the City exercised deliberate indifference by failing to

take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor

the defendants and other officers like them.

      42.     The City's failure to act resulted in the violation of plaintiff's

constitutional rights as described herein.

      WHEREFORE, plaintiff demands a jury trial and the following relief jointly and

severally against the defendants:

     a.     Compensatory damages in an amount to be determined by a jury;

     b.     Punitive damages in an amount to be determined by a jury;

     c.     Attorney's fees and costs;

     d.     Such other and further relief as the Court may deem just and proper.

DATED:     June 10, 2011

 

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

6