UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LAMONT TROMP,

                                              Plaintiff,

                  -against-                        11 CV 2794 (JBW) (RLM)

THE CITY OF NEW YORK, POLICE OFFICER
JOSHUA KONEN, tax # 936882, JOHN DOE,

                                              Defendants.

------------------------------------------------------------------------ x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff brings this civil rights action against the City of New York and two New York City Police Officers alleging that, on June 17, 2010, defendants violated his rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by falsely arresting him for trespass, using excessive force on him and illegally strip searching him. The false charge was dismissed when the District Attorney's Office declined prosecution.

Defendants argue in their motion to dismiss that the monetary settlement in *Lamont Tromp v. City of New York, Police Officers John Does 1-3,* 10 CV 4973 (ILG) (JO) (E.D.N.Y.) (hereinafter, *Tromp I*), released defendants from liability in the case now pending before Your Honor (hereinafter, "*Tromp II*"), a different case addressing an entirely different incident and involving different police officers.

For the following reasons, defendants' motion to dismiss should be denied.

## ARGUMENT

A.    **The Terms of the Settlement in *Tromp I* Preclude the Settlement from Being Used in *Tromp II*.**

The language in the So Ordered Stipulation of Settlement and Order of Dismissal in *Tromp I,* which defense counsel has not presented to this Court, is as follows:

> In consideration for the payment of this sum [$17,500], plaintiff agrees to dismissal with prejudice of all the claims against the named defendant, the City of New York, and to release all defendants, including the defendants named herein as "Police Officers John Does 1-3." and all present and former employees or agents of the City of New York, or any agency thereof, including, but not limited to, the New York City Police Department, from any and all liability, claims or rights of action which were or could have been alleged in this action, including all claims for costs, expenses, and attorneys' fees.

Stipulation of Settlement and Order of Dismissal in *Tromp I,* docket entry # 11*,* at ¶ 2.

The terms of the Stipulation of Settlement and Order of Dismissal in *Tromp I* precludes it from being used in any way in this case, *Tromp* II.  Paragraph 4 of the stipulation, which the City's own lawyers drafted, states that "this stipulation **shall not be admissible in, nor is it related to**, **any other litigation or settlement negotiations**."

The parties' intention in *Tromp I* to limit the settlement to the incident at issue in that case is further demonstrated by the third sentence of the Stipulation of Settlement and Order of Dismissal, at page 1, which states: "Whereas, the parties now desire to resolve the **issues raised in this litigation**, without further proceedings and without admitting any fault or liability[.]"

Accordingly, defendants' motion should be denied because the language in the settlement agreement upon which they rely is inadmissible in this case and because the language demonstrates that the settlement is confined to the "issues raised" in *Tromp I*.

B.  **The Settlement Documents in *Tromp I* Cannot Be Properly Read to Cover *Tromp II*.**

As explained in the civil rights case of *Mandal, et al., v. City of New York, et al.*, No. 02 Civ. 1234, 2008 WL 754666 (S.D.N.Y. March 17, 2008),

> A release is a species of contract and 'is governed by the principles of contract law.' Although the scope and validity of a release of a federal claim are governed by federal law, a federal court looks to state law to determine the content of that federal law. Under New York law, the Court must give effect to the intent of the parties to a contract as revealed by the language that they used. When the contract is a release, the New York cases permit its enforcement only to the extent that it contains an 'explicit, unequivocal statement of a present promise to release [a party] from liability.' In considering the reach of a particular disputed provision, a court must examine the entire structure of the agreement and attempt to reconcile its various provisions. Thus, in this case the '[s]ettlement [a]greement ... must be read as a whole,' keeping in mind the controversy being settled and the purpose for which the release was given.

*Id.* at *2 (internal citations omitted) (brackets and ellipses in original).

The court in *Mandal* further explained:

> If a term in the release is ambiguous, the court may consider extrinsic evidence to determine the intent of the parties. On the other hand, if the language used is unambiguous, the court must avoid the temptation to redraft it to make it comply with the court's sense of equity. The release '**may not be read to cover matters which the parties did not intend to cover**.'

*Id.* at *3 (internal citations omitted) (emphasis added). As explained in *Mandal*, "to the extent that the release is subject to two conflicting interpretations, the Court must adopt the **narrower** of the two possible interpretations." *Id.* at *3 (citing *Bank of N.Y. v Amoco Oil Co.,* 35 F.3d 643, 662 (2d Cir. 1994) (emphasis added)).

Applying the aforesaid principles, the court in *Mandal* found that the language of the release used by the City of New York did not bar a second civil rights lawsuit by the plaintiff in that case. *Id*. at **3-4.

Here, dismissal would be improper because the language in the *Tromp 1* settlement papers stating that plaintiff releases the defendants in that case to claims "which were or could have been alleged in this action" cannot reasonably be interpreted as an intention to release a different set of police officers from liability for a different incident which City lawyers did not even know about when they drafted the release. Plaintiff's position is supported by the unambiguous terms included by the City in the Stipulation of Settlement and Order of Dismissal in *Tromp I* that the settlement agreement "shall not be admissible in, nor is it related to, any other litigation or settlement negotiations" and that the parties only wish to "resolve the issues raised in this litigation," *i.e. Tromp I*.

Even if the Court finds that the language in the *Tromp 1* settlement is ambiguous, it was certainly not the parties' intention to release the defendants in *Tromp II* from liability; indeed, they were not even discussed. Where there is ambiguity in a contract, a jury trial is required to resolve the factual issue of intent. *See Burger King Corp. v. Horn & Hardart Co.,* 893 F.2d 525, 528 (2d Cir. 1990) ("Summary judgment normally is inappropriate when a contractual term is ambiguous because a triable issue of fact exists as to its interpretation."); *Topps Co., Inc. v. Cadbury Stani S.A.I.C.,* 526 F.3d 63, 68 (2d Cir. 2008) (Summary judgment is appropriate only when the contractual language is "wholly unambiguous.").

The Court is not presented here with a situation where very broad language was used in a release which unambiguously demonstrates that the parties intended to release a set of defendants from all claims, even those that are unrelated to the first case, from the "beginning of the world to the date of the release." *Cf. Graham v. Empire Bail Bonds*, No. 09 CV 1635, 2010 WL 1849295, at *2 (E.D.N.Y. May 7, 2010) (granted defendants release "from all actions, causes of action, suits, debts, dues, sums of money ... from the beginning of the world to the day

4

of the date of this release" and where subsequent case "arises out of the same set of facts" as the first case); *Borah, Goldstein, Altschuler & Schwartz, P.C.*, No. 99 Civ. 3227, 2002 WL 1610923, at **5-6 (S.D.N.Y. July 22, 2002) ("very broad language" granted defendant release of "all claims arising from the beginning of time to date.").

Finally, this Court should be mindful of the well-established principles that any ambiguities in a contract are to be interpreted against the drafter, here, the City of New York. *Agway, Inc. v. Agway Petroleum Corp.*, No. 93 CV 557, 1993 WL 771008, at *1 (N.D.N.Y. Dec. 6, 1993), and that on a motion to dismiss, the court is required to draw all factual inferences in favor of the non-moving party.

Accordingly, defendants' motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny defendants' motion to dismiss.

DATED: August 4, 2010

/s/

_____
RICHARD CARDINALE
Attorney for Plaintiff
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391