11 CV 2794 (JBW)(RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAMONT TRUMP,

                              Plaintiffs,

-against-

CITY OF NEW YORK, et. al.,

                              Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Boris Zeldin*
*Tel:  (212) 788-1791*
*Matter No.:  2011-018574*

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                                     **Pages**

Brodeur v. City of New York,
   04-CV-1859(JG), 2005 U.S. Dist. LEXIS 10865,
   2005 WL 1139908, (E.D.N.Y. May 13, 2005) ............................................................................. 6

Greenfield v. City of New York,
   99 Civ. 2330 (AJP), 2000 U.S. Dist. LEXIS 1164 (S.D.N.Y. Feb. 3, 2000) ............................ 3

Hugo Boss Fashions, Inc. v. Fed. Ins. Co.,
   252 F.3d 608 (2d Cir. 2001) ..................................................................................................... 5

Lan Lan Wang v. Paterson,
   No. 07 Civ. 2032(AJP), 2008 U.S. Dist. LEXIS 102495 (S.D.N.Y. Dec. 18, 2008) ............... 4

Lewis v. City of New York,
   10 CV 3266(LB), 2011 U.S. Dist. LEXIS 83289 (E.D.N.Y. July 28, 2011) ............. 3, 4, 6, 7, 8

Mandal v. City of New York,
   02 Civ. 1234(FM), 2008 U.S. Dist. LEXIS 24903 (S.D.N.Y. Mar. 17, 2008) .................. 3, 7, 8

Metro Life Ins. Co. v. RJR Nabisco, Inc.,
   906 F.2d 884 (2d Cir. 1990) ..................................................................................................... 5

Omaha Indem. Co. v. Johnson & Towers, Inc.,
   599 F. Supp. 215 (E.D.N.Y. 1984) .......................................................................................... 4

Pollard v. City of New York,
   96 CIV. 5829 (DLC), 1997 U.S. Dist. LEXIS 15587 (S.D.N.Y. Oct. 8, 1997) ........................ 3

Reliastar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.,
   564 F.3d 81 (2d Cir. 2009) ....................................................................................................... 5

**Statutes**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

LAMONT TRUMP,

                           Plaintiff,              **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

       -against-

CITY OF NEW YORK, et. al.,             11 CV 2794 (JBW)(RLM)

                          Defendants.

-------------------------------------------------------------------

## PRELIMINARY STATEMENT

Defendants City of New and Joshua Konen,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully submit this Reply Memorandum of Law in response to the Plaintiff's Memorandum of Law in Opposition to the City Defendants' Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

As a preliminary matter, defendants respectfully submit that, contrary to plaintiff's assertion, defendant did previously provide the Tromp I Stipulation of Settlement and Order of Dismissal, to the Court. See Declaration of Boris Zeldin in Support of Defendant's Motion to Dismiss the Complaint, (hereinafter "Zeldin Decl."), Docket Entry No. 10 at Exhibit "B"). However, due to an inadvertent error, the second page of the Stipulation was omitted, and, accordingly, a complete copy of the Stipulation is appended hereto.

---

[1] Defendant Konen had not yet been properly served at the time defendant City submitted its motion on August 4, 2011. However, on September 12, 2011 defendant Konen executed and returned his waiver of service of summons form, and by letter motion dated September 12, 2011, he requested that he be allowed to join in on this motion.

# POINT I

## THE SETTLEMENT AGREEMENT EXECUTED IN <u>TROMP I</u> IS ADMISSIBLE IN THE PRESENT ACTION

Plaintiff, in his opposition, argues that the "Terms of the Settlement in <u>Tromp I</u> Preclude the Settlement from Being Used in <u>Tromp II</u>." (Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss the Complaint (hereinafter "Plaintiff's Opposition"), Docket Entry No. 12 at p. 2). As evidence, plaintiff cites to Paragraph 4 of the settlement stipulation which reads that "this stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations." (<u>Id</u>.). Plaintiff's argument is both misleading and flawed.

First, plaintiff conveniently glosses over the fact that the <u>Tromp I</u> settlement consisted of both a Stipulation of Settlement and a General Release. By pointing to Paragraph 4 of the Stipulation of Settlement, which only concerns the admissibility of the stipulation in a subsequent litigation, plaintiff has failed to address the admissibility of the General Release. Accordingly, defendants respectfully submit that the General Release is admissible in the present action and, as demonstrated in defendant's original memorandum of law, its terms bar the claims currently being advanced in <u>Tromp II</u>. <u>See</u> Defendant's Memorandum of Law in Support of to Motion to Dismiss (hereinafter "Defendant's Memorandum"), Docket Entry No. 11 at pgs. 4-10.

Moreover, the language contained in Paragraph 4 of the <u>Tromp I</u> settlement stipulation does not preclude the admission of that document in the instant matter. Rather, a settlement stipulation bearing such language is admissible when presented to enforce a settlement agreement and not to prove the merits of a subsequent litigation. <u>Compare</u>, <u>Greenfield v. City of New York</u>, 99 Civ. 2330 (AJP), 2000 U.S. Dist. LEXIS 1164 at *38-39 (S.D.N.Y. Feb. 3, 2000)(Stipulation of settlement, which contained an admissibility clause identical to the one at issue here, was rejected by the Court when proffered as evidence in a

2

subsequent litigation); Pollard v. City of New York, 96 CIV. 5829 (DLC), 1997 U.S. Dist. LEXIS 15587 at *5-6 (S.D.N.Y. Oct. 8, 1997)(same) with Lewis v. City of New York, 10 CV 3266 (RJD)(LB), 2011 U.S. Dist. LEXIS 83289 at *9 (E.D.N.Y. July 28, 2011) (Where defendants sought to enforce a settlement agreement, the Court considered a stipulation of settlement even though it contained an admissibility clause identical to the one at issue here); Mandal v. City of New York, 02 Civ. 1234 (WHP)(FM), 2008 U.S. Dist. LEXIS 24903 (S.D.N.Y. Mar. 17, 2008)(same). In fact, this is a distinction which plaintiff arguably concedes by citing to the settlement stipulation in his argument concerning the language of the General Release. See, Plaintiff's Opposition at p.4. Since defendant City has only presented the Tromp I stipulation of settlement in order to enforce the settlement agreement plaintiff had previously entered into, the entirety of the Tromp I settlement agreement is admissible and should be considered by the Court.

## POINT II

### THE TROMP I GENERAL RELEASE IS UNAMBIGUOUS AND BARS PLAINTIFF'S CURRENT CLAIMS

In the General Release which plaintiff executed in connection with Tromp I, plaintiff agreed to "release and discharge the defendants, the City of New York and the individuals name[d] herein as "POLICE OFFICERS JOHN DOES 1-3;" their successors or assigns; and all past and present officials, employees, representatives and agents of the City of New York or any agency thereof, from any and all claims which were or could have been alleged by me in the aforementioned action, including claims for attorneys' fees, expenses and costs." (General Release, annexed to Zeldin Decl. as Exhibit C). "Where both parties [are] represented by counsel [and] bargained for the terms of settlement and release … they will be held to the plain meaning of their agreement." Omaha Indem. Co. v. Johnson & Towers, Inc., 599 F. Supp.

3

215, 219 (E.D.N.Y. 1984). Since the language of the Tromp I General Release is unambiguous, by its plain meaning it bars plaintiff from advancing the claims brought in the instant matter. See Gittens v. City of New York, 10 Civ. 8502 (PAC), Slip Op. at *2, (S.D.N.Y. May, 11, 2011), motion for reconsideration denied by, Gittens v. The City of New York, 10 Civ. 8502 (PAC), Order (S.D.N.Y. June 30, 2011) (Court, finding no ambiguity, dismissed plaintiff's second civil rights action where he signed a General Release with identical language to the one at issue here)[2]; Lewis, 2011 U.S. Dist. LEXIS 83289 at *21 (Same); Lan Lan Wang v. Paterson, No. 07 Civ. 2032 (LTS)(AJP), 2008 U.S. Dist. LEXIS 102495 at *5, *14 (S.D.N.Y. Dec. 18, 2008) (Court held that a settlement agreement was unambiguous wherein plaintiff agreed to "release and discharge [defendant] and any of [its] current, former, or future officials, officers, employees, heirs, devisees, agents . . . and the State of New York and/or its agencies from *any and all claims... that any party asserted, or could have asserted, in this action.*")(emphasis added).

Furthermore, in spite of plaintiff's assertions to the contrary, a contractual term is not ambiguous "simply because the parties urge different interpretations." Hugo Boss Fashions, Inc. v. Fed. Ins. Co., 252 F.3d 608, 616 (2d Cir. 2001). "The Court should not find language ambiguous on the basis of the interpretation urged by one party, where that interpretation would strain the contract language beyond its reasonable and ordinary meaning." Metro Life Ins. Co. v. RJR Nabisco, Inc., 906 F.2d 884, 889 (2d Cir. 1990). Rather, the Court is to give the terms of the General Release "their most natural and plain meaning." Reliastar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d 81, 88 (2d Cir. 2009). Here, plaintiff attempts to introduce ambiguity by offering an interpretation of the Tromp I Release that conflicts with its plain

---

[2] Copies of these decisions were appended to defendant City of New York's Memorandum of

4

meaning. Namely, plaintiff states that by executing the General Release in Tromp I he did not intend to release "a different set of police officers from liability for a different incident." (Plaintiff's Opposition at p.4). However, if plaintiff truly intended to limit the General Release that he executed, he should have included language indicating that he intended only to release the City from claims arising out of his arrest of September 10, 2010. The absence of such language leads to the only reasonable conclusion possible, that there was no intent to limit the General Release plaintiff executed. Moreover, it is irrelevant that "City lawyers did not even know about [the claims in Tromp II] when they drafted the release," as the General Release used by the City was drafted broadly specifically to avoid situations like this.

Nor can it be disputed that *plaintiff* knew about the claims at issue here when he voluntarily bargained them away by signing the general release in Tromp I. In Lewis, Judge Dearie summarily rejected plaintiff's contention that the parties did not contemplate barring the claims that were not pled in the first action, despite the plain language to the contrary in both the release and the stipulation where plaintiff agreed "to release all defendants and any present or former employees or agents of the City of New York and the [NYPD] from any and all liability, claims, or rights of action that have or could have been alleged by plaintiff in this action," the same language at issue here. 2011 U.S. Dist. LEXIS 83280 at *19-25. In fact, Judge Dearie noted that "'[t]he subjective intent that [plaintiff's counsel] asserts he had while signing the release reinforces why courts focus on the objective language of contracts.'" Id. at *22 (quoting Brodeur v. City of New York, 04-CV-1859(JG), 2005 U.S. Dist. LEXIS 10865, 2005 WL 1139908, at *5 (E.D.N.Y. May 13, 2005)). If plaintiff wanted to exclude the claims related to his June 17, 2010 arrest from the stipulation and release's ambit, "'all he had to do was say so, and

---

Law in Support of their Motion to Dismiss.

5

insist on a release that did not bargain such a claim away. He did not do so then, and is thus precluded from bringing this action now.'" Lewis, 2011 U.S. Dist. LEXIS 83280 at *22 (quoting Brodeur, 2005 U.S. Dist. LEXIS 10865, 2005 WL 1139908, at *5).

Finally, plaintiff's citation to Mandal v. City of New York, 02 Civ. 1234 (WHP)(FM), 2008 U.S. Dist. LEXIS 24903 (S.D.N.Y. Mar. 17, 2008), to show that the language of the release used by the City of New York does not bar a plaintiff from bringing a subsequent civil rights lawsuit is misplaced. (Plaintiff's Opposition at p.3). While plaintiff claims that "Mandal found that the language of the release used by the City of New York did not bar a second civil rights lawsuit by the plaintiff in that case" (Id.), plaintiff ignores the fact that the release in the instant action is "much broader" than the release at issue in Mandal. See Gittens, Slip Op. at *2. As the court recognized in Gittens, the plaintiff in Mandal released the City "from any and all claims which were or could have been alleged… in the aforementioned action *arising out of the events alleged in the Complaint and in the Amended Complaints in said action*… [i]n other words the release in Mandal applied only to compulsory claims." Gittens, Slip Op. at *2 (emphasis in Gittens). However, "the language of the Release [in Gittens] is much broader because it does not specify [that] the claims released must arise out of the same events alleged in the Complaint." Id. Thus, because the General Release at issue in the instant matter is nearly identical with the one in Gittens, the same reasoning must apply here. Compare, Gittens General Release, annexed to Zeldin Decl. as Exhibit E with Tromp I General Release, annexed to Zeldin Decl. as Exhibit C.

In fact, a close reading of Mandal shows that it is consistent with the holdings in both Gittens and Lewis that the "much broader" language at issue here would serve to bar any

6

future claims that could have been brought in the earlier action. In Mandal, the court observed that:

> The City's motion is premised on the notion that Duncan released "any and all claims which were or could have been alleged by [him] in [Bartholomew]." (Daitz Letter at 1). However, the General Release executed by Duncan in Bartholomew is narrower than the City suggests. Thus, Duncan released the City from "all claims which were or could have been alleged by [him] in the [action] arising out of the *events* alleged in the Complaint and in the Amended Complaints in said action."

2008 U.S. Dist. LEXIS 24903, at *7 (emphasis in Mandal). Thus, it is clear that the holding in Mandal was predicated on the fact that the stipulation and release at issue there did not release defendants "from any and all claims which were or could have been alleged by [plaintiff] in the [prior] action," like the releases in Gittens, Lewis and the instant action actually did. See Exhibit E, Exhibit C, Lewis General Release, annexed to the Zeldin Dec. as Exhibit E.

Nowhere in plaintiff's opposition does he address the holdings in Gittens and Lewis that a release virtually identical to the release at issue here, bars any claim that could have been asserted in the prior action. Nor does plaintiff even argue that the June 17, 2010 arrest at issue here could not have been asserted in Tromp I. Accordingly, plaintiff should be held to the terms of the release that he signed and this action should be dismissed.

7

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in the defendant's moving papers, defendants' motion to dismiss must be granted.

Dated:     New York, New York
           September 19, 2011

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                         City of New York
                                      Attorney for Defendants
                                      100 Church Street, Room 3-170(f)
                                      New York, New York 10007
                                      (212) 788-1791

                          By:     /s/
                                      BORIS ZELDIN
                                      Special Assistant Corporation Counsel
                                      Special Federal Litigation Division